Rehearing was granted in this cause limited solely to the question of whether or not this Court should provide a more effective and expeditious rule than is now *Page 875 
provided for disbarring attorneys at law when shown to be guilty of unprofessional conduct.
Section 2554, Revised General Statutes of 1920, Section 4172,et seq., Compiled General Laws of 1927, provides for disbarment proceedings and defines the duties of Circuit Judges and State Attorneys with reference thereto. This statute appears limited to the question of disbarment. After full consideration of the matter on rehearing, we have reached the conclusion that the procedure provided by the statute should be supplemented and enlarged to meet present exigencies and to that end approve the following rule:
Rule Providing for Additional and Supplementary procedure to that now provided for disciplining or disbarring attorneys at law for unprofessional conduct or when charged and proven to be guilty of unauthorized practice of the law.
There is hereby established in each Judicial Circuit of the State a Circuit Court Commission (hereinafter referred to as the Commission) to be composed of not less than three nor more than seven practicing attorneys to be appointed by the Judge or Judges of the Circuit Court on recommendation of the local bar association or associations. The number composing said commissions within the limits herein stated shall be within the discretion of the Circuit Judge or Judges. Such appointments shall be made not later than December 1, 1938, for terms of three years except that the first member of said Commissions shall be appointed for such terms that there will be a majority of hold over members each year thereafter.
(1) Said Commissions shall have power to organize by electing a president and secretary and to prescribe rules of procedure. They shall have and they are hereby clothed with power to investigate all complaints of unprofessional *Page 876 
conduct on the part of members of the bar within their Circuits, including persons charged with unauthorized practice of the law and make report of their findings to the Circuit Judge in the manner herein provided.
(2) Said Commissions may initiate such investigations at the time and place deemed by them advisable; they shall have the power to summon and examine witnesses, to order the attendance of witnesses, the production of books, records, or other documentary evidence and to administer oaths. Any refusal to comply with the order or request of said Commissions shall be reported to the Circuit Judge or Judges for summary action thereon.
(3) If after investigation a majority of the Commission shall determine that the person charged has been guilty of unprofessional conduct as contemplated by law or by the Code of Ethics of the American Bar Association, they shall make report thereof to the Circuit Court, such report to contain a copy of the charge investigated, the evidence taken thereon and the findings and recommendation of the Commission; provided that no such report shall be made unless and until the accused shall have had an opportunity to appear before the Commission after at least ten days notice, to personally or by counsel present to the Commission any evidence or argument in his behalf. If beyond the limits of the Circuit, the accused may be served with constructive notice in the manner ordered by the Circuit Court. If he disregards the notice of hearing, the matter shall proceedex parte.
(4) Upon receipt of the report and recommendation of the Commission, the Circuit Court shall immediately issue a rule thereon, returnable to a day certain, directed to the accused commanding him to show cause why the recommendation of the Commission should not be enforced, said *Page 877 
rule to contain a copy of the charges against the accused including copy of the recommendation of the Commission and the evidence taken, all of which shall be certified by the Secretary of the Commission.
Unless the time be extended by the Court, the accused shall within fifteen days from service of the rule on him file his answer verified under oath containing all matters of defense both in law and fact which he may have to offer. No other pleadings shall be allowed. If issues are made by the answer, the Court may in its discretion order further testimony taken on them. He may then require the questions of law or fact presented briefed and argued; the State Attorney assisted by the President or any member of the Commission designated by the Court shall be required to brief and argue said questions and to perform all other duties incident to the charges and the trial.
After hearing argument and briefs, the Court shall make such order as in his judgment the charges, proof, and the law warrant. If the charges and proof are sufficient to warrant disbarment as contemplated by Section 4172, Compiled General Laws of 1927, the Court may so decree, which shall operate as a suspension or revocation of the accused's license to practice law. If in the judgment of the Court, the charge and the proof call for less punishment than disbarment, then the Court may punish by disciplining the accused in such manner as he may deem advisable.
(5) Upon the entry of the Circuit Court's order, the entire record in the cause shall be filed with the Clerk of the Circuit Court. The accused or the Commission may within twenty days after the filing of the order take an appeal therefrom to this Court by filing a notice of appeal in the same manner that appeals in chancery are instituted, whereupon the Clerk of the Circuit Court shall forthwith transmit *Page 878 
to this Court the original record of the cause, including the charge, evidence, findings, and recommendations of the Commission, orders and other proceedings had or taken thereon, which shall be duly certified under the seal of the Circuit Court and when lodged here shall become the record of this Court. This Court shall thereupon hear and determine said cause in such manner as to it may seem proper and just.
Done and ordered, this the 13th day of October, A.D. 1938.
ELLIS, C.J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J.J., concur.